# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **LISA KAYNE GASPARD** | **CIVIL ACTION NO. 08-CV-0622** |
| **VS.** | **JUDGE MELANÇON** |
| **OUR LADY OF LOURDES REGIONAL MEDICAL CENTER FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM** | **MAGISTRATE JUDGE METHVIN** |

## *RULING*
### *(Rec. Docs. 14, 15)*

Before the court is defendant Lourdes' motion to strike plaintiff's opposition to Lourdes' motion to dismiss on grounds of untimeliness.[1] Lourdes filed its motion to dismiss on July 14, 2008, and plaintiff filed an opposition on August 13, 2008. On August 19, 2008, plaintiff filed a motion for extension of time to file her opposition, citing "extensive factual and legal issues which were necessary for plaintiff to discuss at length."[2]

Lourdes seeks to strike plaintiff's memorandum as untimely and argues that plaintiff's delay is inexcusable.

Plaintiff argues that good cause exists for granting her request for an extension of time to file the opposition, as permitted under Local Rule 7.5, which states as follows:

> For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer

---

[1] The following pleadings have been filed: Lourdes' Motion to Strike Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Rec. Doc. 14); Plaintiff's Ex-Parte Motion for Leave to Exceed Time Limitation (Rec. Doc. 15); Plaintiff's Opposition to Defendant's Motion to Strike (Rec. Doc. 16); Lourdes' Memorandum in Opposition to Plaintiff's Ex Parte Motion for Extension of Time (Rec. Doc. 24); and Plaintiffs' Reply to Defendants' Opposition to Motion for Extension of Time (Rec. Doc. 30). The court ordered that the motions would be taken up together with defendant's motion to dismiss. Subsequently, plaintiff filed a first supplemental and amending complaint which defendant moved to dismiss. Plaintiff has also moved to amend the complaint a second time which defendant opposes.

[2] Plaintiff's Ex Parte Motion for Leave to Exceed Time Limitation, Rec. Doc. 15, p.1.

period of time as the court may order, upon written ex parte motion served on all parties.

Rule 6(b) (1)(B) of the Federal Rules of Civil Procedure also applies. This rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." The Fifth Circuit has held:

> Relevant factors to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Farina v. Mission Inv. Trust, 615 F.2d 1068, 1076 (5th Cir.1980); Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395-97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162, fn 8 (5th Cir. 2006).

Plaintiff asserts that the opposition was untimely because there were extensive factual and legal issues to be addressed; the case required extensive discussion and a longer period of time to oppose defendant's motion. Plaintiff also asserts that, at the time of the filing of the motion to dismiss, she was attempting to submit claims in an amended complaint based on new facts occurring at Lourdes. This amended complaint was filed on August 18, 2008 (Rec. Doc. 19).[3]

Weighing the relevant factors, the undersigned concludes that Lourdes' motion to strike should be denied, and plaintiff's opposition to the motion should be considered timely filed. Plaintiff will clearly be prejudiced if her opposition is disallowed. The length of the day was approximately two weeks but its impact on judicial proceedings is minor because no scheduling order has been issued. Plaintiff has not sought any other extension. There has been no showing

---

[3] Plaintiff moved to file a second amended complaint on December 19, 2008 which defendant opposes (Rec. Docs. 40, 42).

that plaintiff failed to act in good faith.  Further, defendant has moved to dismiss plaintiff's first amended complaint and briefed the motion extensively.

Defendant requests that, if court allows the opposition, that it be allowed an opportunity to file a reply brief.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike (Rec. Doc. 14) is **DENIED**.  Defendant shall file its reply brief **on or before February 9, 2009.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file a response (Rec. Doc. 15) is **GRANTED.**

Signed at Lafayette, Louisiana, on January 29, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

that plaintiff failed to act in good faith.  Further, defendant has moved to dismiss plaintiff's first amended complaint and briefed the motion extensively.

Defendant requests that, if court allows the opposition, that it be allowed an opportunity to file a reply brief.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike (Rec. Doc. 14) is **DENIED**.  Defendant shall file its reply brief **on or before February 9, 2009.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file a response (Rec. Doc. 15) is **GRANTED.**

Signed at Lafayette, Louisiana, on January 29, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)