UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Lisa Kayne Gaspard                           Civil Action 08-622

versus                                Judge Tucker L. Melançon

Our Lady of Lourdes Regional              Magistrate Judge Methvin
Medical Center, Inc.

**MEMORANDUM RULING**

Before the Court are: (1) defendant's Motion To Dismiss Pursuant To Rule 12(B)(6) Of The Federal Rules Of Civil Procedure [Rec. Doc. 4] and plaintiff's opposition [Rec. Doc. 11];(2) defendant's Motion To Dismiss Supplemental And Amending Complaint Pursuant To Rule 12(B)(6) Of The Federal Rules Of Civil Procedure [Rec. Doc. 31], plaintiff's opposition [Rec. Doc. 35] and defendant's reply [Rec. Doc. 38]; (3) Plaintiff's Motion for Leave to File Second Supplemental and Amending Complaint [Rec. Doc. 40] and defendant's opposition [Rec. Doc. 42]; (4) Plaintiff's Motion for Leave to File Third Supplemental and Amending Complaint [Rec. Doc. 49] and defendant's opposition [Rec. Docs. 55]; and, (5) Plaintiff's Motion for Leave to File Fourth Supplemental and Amending Complaint [Rec. Doc. 56]; (4). For the following reasons, the Court will deny plaintiff's motions and grant defendant's motions.

*I. Procedural Background*

In her original Complaint filed in this Court on May 7, 2008, plaintiff, Lisa Kayne Gaspard, alleged essentially three categories of wrongdoing by defendant, Our Lady of

Lourdes Regional Medical Center, Inc. ("Lourdes"): (1) the storage of outdated frozen tissue; (2) improper sterilization of orthopedic implants; and (3) leakage from the ceiling above her workspace. *R. 1, ¶¶ 2, 19-20.* Plaintiff further alleged that: (1) she suffered reprisal from Lourdes for having complained about one or more of the alleged wrong doings; (2) that nothing was done to address or remedy her complaints; and (3) that she contracted hepatitis B as a result of the ceiling leak. Plaintiff alleged that Lourdes violated the following state laws: LSA C.C. art 2315, *et seq.*; LSA R.S. 30:2180, Louisiana Sanitary Code, Chapter XXVII, Section 27:023 *et seq.* and Section 27:025, *et seq.*; the Louisiana Solid Waste Regulations; and LSA R.S. 23:967, the Louisiana "Whistle Blower Statute." *R. 1, ¶¶ 26, 27.* Plaintiff also alleged that defendant violated federal laws including 42 U.S.C. 6992, the "Medical Waste Tracking Act," and the Occupational Safety and Health Administration regulations, including, but not limited to 29 C.F.R. Part 1910.1030, *et seq.* and OSHA Instruction CPI, 2-2.44C, *et seq. Id. ¶ 26.*[1] Plaintiff further alleged defendant's liability for "any and all civil and criminal penalties provided for by 42 U.S.C. 6992(d) of the Medical Waste Tracking Act." *Id.* On July 14, 2008, defendants filed a Motion to Dismiss plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, contending that the Court is without federal subject matter jurisdiction based on plaintiff's allegations under the "Medical Waste Tracking Act" and the OSHA regulations, in that neither constitutes a sufficient basis for a private cause of action.

---

[1] Plaintiff's allegations included, "any and all other federal and/or state laws created to regulate the storage, transportation, incineration, and/or disposal of medical waste." *Id.*

On August 18, 2008, plaintiff filed her First Supplemental And Amending Complaint, *R. 19*, adding an additional defendant, Franciscan Missionaries of Our Lady Health System, Inc. Plaintiff added the allegation that defendants violated the following federal law: Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. 351, *et seq.*; OSHA regulations, 29 U.S.C. 651 *et seq.* and 29 U.S.C. 660, *et seq.*; and, the "Joint Commission of Accredited Hospitals Organization ("JCAHO"). *R. 19, ¶ 26.* The Magistrate Judge granted plaintiff's motion to file her first supplemental and amending complaint on August 18, 2008. *R. 18.* Defendants filed a second Motion to Dismiss plaintiff's First Supplemental and Amending Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure contending that plaintiff failed to state a claim upon which relief can be granted in that her amended complaint merely asserted additional non-existent causes of action: (1) a violation of the FDCA, which also implies the existence of claims under the Medical Device Amendments to the FDCA, 21 U.S.C. § 360c, *et seq.*; (2) a violation of JCAHO standards; and, (3) retaliation for filing a complaint with OSHA. *R. 31.*

Thereafter, on December 19, 2008 plaintiff filed a Motion for Leave to File a Second Supplemental and Amending Complaint, *R. 40,* in which plaintiff proposed adding to her General Allegations, ¶ *25*, that in December, 2008, defendants questioned plaintiff's co-employees about "plaintiff's sexual orientation and general 'lifestyle'" and "the fact that plaintiff is a lesbian" and then advised plaintiff of her demotion to Senior Supply Tech with part time status and a reduction in her salary of "$7,000 to $12, 000 per year" *R. 40, ¶ ¶ 25b,*

3

*25c*. Plaintiff did not state the jurisdictional basis for any of the allegations contained in her proposed Second Supplemental and Amending Complaint.

On February 6, 2009, plaintiff filed a subsequent Motion for Leave to File Third Supplemental and Amending Complaint, *R. 49*, proposing to add to her General Allegations that she had filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and had received a Dismissal And Notice Of Rights letter dated January 23, 2009. *R. 49, ¶ 25f, Exh. B*. Plaintiff further proposed amending her complaint to add Title VII claims of retaliation and discrimination, specifically asserting claims for sex discrimination and sexual preference discrimination as well as a related state cause of action under LSA R.S. 23:322, *et seq.*, Louisiana Employment Discrimination Law. *Id.*

Most recently, on March 19, 2009, plaintiff filed a Motion for Leave to File Fourth Supplemental and Amending Complaint in which she proposed amending the General Allegations of her complaint to include allegations that on "February 13, 2009, it was discovered tissue implanted on a patient had not been logged by Our Lady of Lourdes, Inc" and "the tissue tracking policy had not been followed." *R. 56, ¶ 25g*.

As set out above, defendants filed motions to dismiss in response to Plaintiff's Original Complaint and her First Supplemental and Amending Complaint. Defendants filed oppositions to plaintiff's motions to file a second and third amended complaint, contending that none of plaintiff's allegations "create" a valid federal cause of action in this case and therefore the proposed amendments should be denied. As of this date, no opposition has

been filed to plaintiff's proposed fourth amendment. The Court will addressed these related motions as follows.

## II. Motion to Dismiss Standard

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for dismissal of a pleading that fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss "admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts." *Ramming v. U.S.,* 281 F.3d 158, 162 (5th Cir.,2001) (quoting *Tel-Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)) . Dismissal cannot be upheld unless it appears beyond doubt that the plaintiffs would not be entitled to recover under any set of facts that they could prove in support of their claim. *Id*. It is black-letter law that a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to be evaluated only on the pleadings. *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir.,2004). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.*

## III. Motion to Amend Standard

"Rule 15(a) requires a trial court 'to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.' A district court must possess a 'substantial reason' to deny a request for leave to amend but 'leave to amend is by no means automatic.' Decisions concerning motions to amend are 'entrusted to the sound

5

discretion of the district court.' In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Property Group, L.P.,* 427 F.3d 987, 994 (5th Cir. 2005) (internal citations omitted).

## IV. Analysis

Plaintiff alleged a number of Federal and state law claims in her Complaint, First Supplemental and Amended Complaint and her proposed second and third amended complaints. Defendants argue that plaintiff failed to state a claim with regard to all of the alleged Federal claims, and therefore, her amendments would be futile. In the event plaintiff has failed to allege a viable Federal claim, the Court has no subject matter jurisdiction in this action. Thus, in order to determine whether or not plaintiff's proposed amendments are futile the Court must consider these claims in light of defendants' motions to dismiss and opposition memoranda.

### A. Medical Waste Tracking Act

In 1988, the United States Congress passed the Medical Waste Tracking Act ("MWTA"), 42 U.S.C. § 6992 *et seq.*, under the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992. 42 U.S.C. § 6992(a)-(k); PL 100-582, 1988 HR 3515; www.epa.gov/epawaste/nonhaz/industrial/medical/tracking.htm. The MWTA regulations

authorized a two-year pilot tracking program to ensure that medical waste was sent to proper disposal facilities:

> § 6992. Scope of demonstration program for medical waste
>
> (a) Covered States
>
> The States within the demonstration program established under this subchapter for tracking medical wastes shall be New York, New Jersey, Connecticut, the States contiguous to the Great Lakes and any State included in the program through the petition procedure described in subsection (c) of this section, except for any of such States in which the Governor notifies the Administrator under subsection (b) of this section that such State shall not be covered by the program.
>
> . . .
>
> (d) Expiration of demonstration program
>
> The demonstration program shall expire on the date 24 months after the effective date of the regulations under this subchapter.

EPA promulgated the MWTA regulations on March 24, 1989. The regulations went into effect on June 24, 1989 and expired on June 21, 1999 and were in effect in four states (New York, New Jersey, Connecticut, Rhode Island) and Puerto Rico. *Id.* As Louisiana was not one of the states covered under the federal program and the program expired long before plaintiff's alleged incidents, plaintiff has no federal cause of action under the MWTA.

### B. OSHA

Plaintiff's Complaint and Amended Complaint alleges defendants violated OSHA regulations 29 C.F.R. Part 1910.1030, *et seq.,* 29 U.S.C. 651 *et seq.*, 29 U.S.C. 660, *et seq,* and OSHA Instruction CPL 2-2.44C, *et seq.* It is long-established in the Fifth Circuit that "Congress did not intend OSHA to create a new action for damages in favor of employees."

7

*Jeter v. St. Regis Paper Co.,* 507 F.2d 973, 976 (5th Cir. 1975) (Nowhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms. *See* 1970 U.S.Code Cong. & Admin.News, pp. 5177-5241; 29 U.S.C.A. § 651). Accordingly, plaintiff has no federal cause of action under OSHA.

### C. JCAHO

In her First Amended Complaint and proposed fourth amendment, plaintiff alleges a cause of action under the Joint Commission of Accredited Hospitals Organization ("JCAHO").[2] The JCAHO is an independent, not-for-profit organization which "promulgates standards to which hospitals voluntarily subject themselves for JCAHO accreditation." www.jointcommission.org. It is axiomatic that an accrediting organization such as the JCAHO does not provide a cause of action, and plaintiff does not provide any authority, legislative history, Louisiana case law or persuasive authority to support her alleged federal cause of action under the JCAHO. While the Court is unable to locate any jurisprudence in any federal circuit as to this issue, the district court in *Kadlec Medical Center v. Lakeview Anesthesia Associates,* 2006 WL 1328872, 2 (E.D.La.,2006) (J. Englehart), has noted that "JCAHO guidelines do not provide a negligence cause of action." *Id.* Plaintiff has no private cause of action against defendants for allegedly violating a

---

[2] Plaintiff alleges in her fourth proposed supplemental amendment that defendants violated the "JAHCO," *sic*, by their failure to follow "the tissue tracking policy." R. 56.

JCAHO standard.

## D. FDCA

Plaintiff also alleges in her First Amended Complaint and proposed fourth amendment a cause of action under the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. 351, *et seq*. Plaintiff alleges that defendants' actions "are in violation of" the FDCA and that she is entitled to civil penalties and damages as a result of retaliatory actions as an "Informant" under the FDCA.[3] *R. 19, ¶26.* Section 337 of the FDCA provides:

> (a) Except as provided in subsection (b) of this section, all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States.

It is well settled that the FDCA creates no private right of action. See 21 U.S.C. § 337(a) (restricting FDCA enforcement to suits by the United States); *Scott v. Pfizer Inc.*, 182 Fed.Appx. 312, 315, (5th Cir.),2006) (unpublished opinion) (plaintiff's claims dismissed because he has not shown that either the FDCA or the MDA create a private right of action. *See* 21 U.S.C. § 337); *In re Orthopedic Bone Screw Prods. Liability Litig.*, 159 F.3d 817, 824 (3d Cir.1998) ("It is ... well established that Congress has not created an express or implied private cause of action for violations of the FDCA or the MDA."); *PDK Labs., Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir.1997) (holding that plaintiff's suit "represents an impermissible attempt to enforce the FDCA through a private right of action"); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir.1993) (same); *McNeeley v. Danek Medical, Inc.*,

---

[3] Plaintiff alleges in her fourth proposed supplemental amendment that defendants violated the "FDA" by their failure to follow "the tissue tracking policy." *R. 56.*

1999 WL 1117108, *2 (W.D.La. 1999) (J. Trimble) (unpublished opinion)("... neither the FDCA nor the MDA provide for a private right of action."). Thus, plaintiff has alleged no federal cause of action under the FDCA.

*E. Title VII*

In her motions to file a second and third amending complaint, plaintiff seeks to add allegations that defendants questioned her about her "sexual orientation and general 'lifestyle'" and "the fact that plaintiff is a lesbian," as well as claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, and the Louisiana Employment Discrimination Law, LSA R.S. 23:322, *et seq*. Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin" 42 U.S.C. § 2000e-2(a)(1). The Supreme Court has long established that sexual harassment is a form of gender discrimination. *Meritor Savings Bank, FSB v. Vinson*, 106 S.Ct. 2399, 2404 (1986) ("[w]ithout question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex." However, not all harassment in the workplace is actionable under Title VII. The Fifth Circuit has clearly stated that Title VII does not protect against discrimination on any basis relating to sexual orientation. *Blum v. Gulf Oil Corp.*, 597 F.2d 936 (5th Cir.1979).

The proposed amendments to plaintiff's General Allegations fail to demonstrate any type of conduct related to plaintiff's gender or that plaintiff was subjected to any disadvantageous terms or conditions of employment based on gender or sexual harassment. Nor does plaintiff propose any allegations which could constitute same-sex harassment.[4] Rather, plaintiff describes her alleged discrimination and sexual harassment as being related to her "sexual orientation." *R. 40, ¶ 25b*. Based on the controlling Fifth Circuit jurisprudence, the proposed causes of action under Title VII in plaintiff's second and third amended complaints are a futile attempt to assert a federal cause of action in this case and the motions for leave to file must therefore be denied.

*Conclusion*

As the Court has determined that plaintiff failed to plead a federal cause of action in her Original Complaint, her First Supplemental and Amending Complaint or in any of her proposed amended complaints, plaintiff's motions for leave to file the second, third and fourth amended complaints will be denied and this case must be dismissed for lack of subject

---

[4] The Supreme Court outlined the test for same-sex harassment in *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998). In order to show that an incident of same-sex harassment constitutes sex discrimination a plaintiff can: (1) show that the alleged harasser made "explicit or implicit proposals of sexual activity" and provide "credible evidence that the harasser was homosexual," *Id.* at 80; (2) demonstrate that the harasser was "motivated by general hostility to the presence of [members of the same sex] in the workplace," *Id.*; or, (3) "offer direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Id*.

matter jurisdiction.[5] *See* Fed.R.Civ.P. 12(b)(1), (h)(3); *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 163 n. 1 (5th Cir.1998) (A case that does not present either federal question jurisdiction or diversity jurisdiction should be dismissed for lack of subject matter jurisdiction). "Inferior federal courts are courts of limited jurisdiction. Unless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have the authority to issue orders regarding its resolution. The question of subject matter jurisdiction can never be waived. Nor can jurisdiction be conferred by conduct or consent of the parties. Such jurisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir.,1985) (internal citations omitted). "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However, the dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

As plaintiff's federal claims will be dismissed by this ruling, the Court does not have original jurisdiction over plaintiff's remaining state law claims alleged in her Original Complaint and First Supplemental and Amending Complaint and those claims will be dismissed without prejudice.

---

[5] In her Original Complaint, plaintiff alleges that the Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. §§1331, 1343.